on count 1, and to serve, in a State prison, 3½ to 7 years on each of counts 2 through 7; 3 to 5 years on each of counts 8 through 12; 1½ to 2½ years on count 13, and 5 to 10 years on count 23. The sentences were to be served concurrently, except the sentence of 5 to 10 years which was to be served consecutively. Judgment insofar as it convicts appellant of giving a bribe (count 23) reversed upon the law and the facts, and said count of the indictment dismissed. Judgment insofar as it convicts appellant on counts 1 through 13 affirmed. In our opinion, except for the crime of giving a bribe (count 23), the verdict of the jury is amply supported by the credible evidence. With respect to count 23, it is our opinion that the evidence is insufficient to establish beyond a reasonable doubt appellant's guilt of said crime. We have examined the numerous errors claimed to have been made throughout the trial and during the court's charge, and we conclude that none of them presents reversible error. Appellant contends that the sentences imposed were excessive. By reason of the dismissal of the bribery count the sentence of 5 to 10 years imposed for said count has been annulled. We do not deem excessive the sentences imposed for the other crimes. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal form the judgment of conviction. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs in the affirmance of the judgment insofar as it convicts appellant on counts 1 through 13, but dissents from the reversal of the judgment insofar as it convicts appellant on count 23 and from the dismissal of that count of the indictment, and votes to affirm the judgment insofar as it convicts appellant of that count, with the following memorandum: In my opinion the evidence is sufficient to establish appellant's guilt beyond a reasonable doubt with respect to all the counts upon which the jury found him guilty.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SINKLER, Appellant.— Appeal from a judgment of conviction rendered by the County Court of Kings County, November 12, 1958 sentencing appellant, after he had been found guilty by the court of robbery in the first degree, to serve from 10 to 20 years. Judgment reversed on the law and the facts, and a new trial ordered. Appellant signed a written waiver of trial by jury. Prior to the trial and prior to this waiver there was an informal discussion at the bench between the trial court, appellant, and his assigned counsel with reference to a possible plea so as to avoid a trial. During this preliminary discussion appellant made certain statements and admissions to the court. No understanding having been reached with reference to a plea, the court proceeded to try the case without a jury. The court found appellant guilty and imposed the sentence above mentioned. It frankly placed on the record its reasons for its finding and sentence. It stated to the appellant: " The Court states now for the record that normally the sentence would be a two and a half to five year sentence, but in view of the fact that this defendant repeatedly lied to me, and lied in the course of this trial, the sentence will be 10 to 20 years in Sing Sing Prison. You are getting the sentence for lying, mister, not for the crime itself. When you stepped up here the last time, if you admitted your guilt, you would have gotten two and a half to five years. That would have been all right with me. But because you lied to me at that time and because you stepped on the stand and lied here, it is going to be 10 to 20 years." On this appeal appellant contends that he was not accorded a fair trial in that the court considered not only the evidence adduced during the trial, but also the statements and admissions made by appellant during the preliminary, informal discussion

before the trial. More specifically, appellant's brief states: "apparently his testimony at the trial varied from statements made to the Judge before the trial. * * * The Court below, having heard statements of defendant prior to trial, could not fairly sit in judgment and rule on the case, particularly since he felt that the defendant had lied to him before the trial." While we do not agree with all of appellant's contentions, it is our opinion, in view of the above-quoted statements of the trial court, that a new trial should be afforded to appellant in the interests of justice. Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., and Hallinan, J., dissent and vote to affirm.